NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1068


BONNIE CHHAN[1]

vs.

SECRETARY OF THE EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0


Bonnie Chhan, on behalf of her minor child, appeals from a Superior Court judgment entered for the defendants on cross motions for judgment on the pleadings.  Discerning no error, we affirm.

Background.  We summarize the salient facts found by the hearing officer.  The child's orthodontist requested prior authorization for comprehensive orthodontic treatment. MassHealth denied the request on the grounds that the submitted documents did not show an auto-qualifying condition or a Handicapping Labio-Lingual Deviation (HLD) score greater than or

---

[1] On behalf of her minor child.
[2] Assistant Secretary for MassHealth.

equal to 22.  The plaintiff appealed to the Massachusetts Office of Medicaid's board of hearings, and the child's orthodontist represented her at the fair hearing.  The hearing officer found that the child had enamel breaking off one upper incisor tooth but nothing rising to the level of a handicapping malocclusion. The MassHealth consultant testified that orthodontics was not medically necessary but could be considered "dental necessity." The hearing officer affirmed the denial of benefits, concluding under MassHealth guidelines that comprehensive orthodontic treatment is only medically necessary when the member has a handicapping malocclusion.  On judicial review in the Superior Court, a judge affirmed the decision.

Discussion.  "An agency decision will be upheld 'unless it is based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.'"  Zoning Bd. of Appeals of Canton v. Housing Appeals Comm., 76 Mass. App. Ct. 467, 473 (2010), quoting DSCI Corp. v. Department of Telecomm. & Energy, 449 Mass. 597, 603 (2007).  See G. L. c. 30A, § 14 (7).

1.  Error of law.  MassHealth's regulations state that it only provides coverage for "medically necessary" treatments. 130 Code Mass. Regs. § 450.204 (2017).  "Medically necessary" treatments are those "reasonably calculated to prevent,

2

diagnose, prevent the worsening of, alleviate, correct, or cure conditions in the member that endanger life, cause suffering or pain, cause physical deformity or malfunction, threaten to cause or to aggravate a handicap, or result in illness or infirmity" where "there is no other medical service or site of service, comparable in effect, available, and suitable for the member requesting the service, that is more conservative or less costly to the MassHealth agency."  130 Code Mass. Regs. § 450.204(A)(1)-(2).  This general definition of medical necessity is subject to "[a]dditional requirements about the medical necessity of MassHealth services . . . contained in other MassHealth regulations and medical necessity and coverage guidelines."  130 Code Mass. Regs. § 450.204(D).

In particular, MassHealth approves comprehensive orthodontic treatment "only when the member has a handicapping malocclusion."  130 Code Mass. Regs. § 420.431(C)(3) (2018). MassHealth determines if a malocclusion is handicapping based on "clinical standards for medical necessity" as described in Appendix D of the Dental Manual (Appendix D).[3]  Id.

In light of the specific regulations describing when comprehensive orthodontic treatment is medically necessary, we are unpersuaded by the plaintiff's suggestion that the proposed

---

[3] All references to Appendix D in this decision are to the version dated January 15, 2021.

treatment fits within the broader general description of medically necessary treatment.[1]  Moreover, it is a general rule of interpretation that specific language controls over the general.  See TBI, Inc. v. Board of Health of N. Andover, 431 Mass. 9, 18 (2000).  See also Massachusetts Fine Wines & Spirits, LLC v. Alcoholic Beverages Control Comm'n, 482 Mass. 683, 687 (2019) ("We interpret a regulation in the same manner as a statute, and according to traditional rules of construction" [citation omitted]).

Title 130 Code. Mass. Reg. § 420.408 (2017) mandates that MassHealth cover medically necessary dental services for members under twenty-one "without regard to service limitations described in 130 CMR 420.000."  This provision does not change the applicable definition of "medical necessity."  The handicapping malocclusion prerequisite is not a "service limitation" but an "[a]dditional requirement[]."[4]  130 Code Mass. Regs. § 450.204(D).  Compare 130 Code Mass. Regs. § 420.410(B)(3) (2017) (providing as an example of a service limitation prophylaxis twice per year per member) with 130 Code Mass. Regs. § 450.204(D) (noting "[a]dditional requirements

---

[4] The definition of medical necessity for comprehensive orthodontic treatment is contained in a subsection titled "Service Limitations and Requirements."  130 Code Mass. Regs. § 420.431(C)(3).

4

about the medical necessity . . . are contained in other MassHealth regulations . . .").

Additionally, because only members under twenty-one are eligible for comprehensive orthodontic care, interpreting the handicapping malocclusion requirement to not apply to members under twenty-one would render 130 Code Mass. Regs. § 420.431(C)(3) without legal effect.  "We must avoid an interpretation that renders any provision entirely superfluous."  DeCosmo v. Blue Tarp Redev., LLC, 487 Mass. 690, 698 (2021), citing Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 601 (2010), S.C., 465 Mass. 297 (2013).

Therefore, when Appendix D refers to "medical necessity," it refers not to the general definition but specifically to handicapping malocclusions.  See Appendix D at 2-3.  Appendix D lists examples of handicapping malocclusions, including a severe skeletal deviation "affecting the patient's mouth and/or underlying dentofacial structures," a diagnosed emotional condition, a diagnosed nutritional deficiency, or a diagnosed speech or language pathology caused by the malocclusion.  Id. at 2.  The list ends with a catch-all, "a condition in which the overall severity or impact of the patient's malocclusion is not otherwise apparent."  Id.  Considered in context, we read this catch-all provision as designed to refer to conditions of comparable severity to those listed before it, affecting bone

structure, nutrition, behavior, or speech.  See, e.g.,

Commonwealth v. Perez Narvaez, 490 Mass. 807, 814 (2022).[5]

2.  Substantial evidence.  "Substantial evidence" is "such

evidence as a reasonable mind might accept as adequate to

support a conclusion."  G. L. c. 30A, § 1 (6).  The hearing

officer's decision was supported by substantial evidence.  There

was no evidence before the officer that the child had a

handicapping malocclusion.  The child did not have an auto-

qualifying condition.  The child's HLD score was less than 22.

There was no evidence that the child's tooth chipping rose to

the level of severity of the conditions described in Appendix D.

The hearing officer was permitted to credit MassHealth's

---

[5] This interpretation does not violate the Federal requirement
that standards be "comparable for all groups."  42 U.S.C.
§ 1396a(a)(17).  In Jacobus v. Department of PATH, 177 Vt. 496,
500 (2004), the Vermont Supreme Court overturned a State
regulatory interpretation permitting orthodontic treatment for
those who met the listed criteria (ninety percent of whom had no
handicapping malocclusion) but denying treatment to those who
did not unless they could prove a handicapping malocclusion.
There is no evidence that MassHealth approves treatment based on
high HLD scores or auto-qualifiers that it would not have
approved for comparably severe conditions based on a medical
necessity narrative.  See id. at 501 ("[T]he State must also
cover . . . orthodontic treatment where it is of equal or
greater severity as conditions covered by the State's
criteria").

That medical necessity narratives are rarely approved does not
show that HDL and auto-qualifier approvals are held to a lower
standard.  The HDL and auto-qualifier options are shortcuts to
approve the most common handicapping malocclusions that would
otherwise merit approval under the medical necessity narrative.

consultant's testimony that treating the malocclusion was not medically necessary.[6]  Accordingly, we conclude, as did the Superior Court judge, that the decision was based on substantial evidence.[7]

Judgment affirmed.

By the Court (Green, C.J., Milkey & Englander, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  December 14, 2023.

---

[6] MassHealth's consultant clarified that while "as an orthodontist," he would approve treatment as a "dental necessity," it was not medically necessary to do so.

[7] "To the extent that we have not specifically addressed other points made by the [plaintiff] in her brief[s], they 'have not been overlooked.  We find nothing in them that requires discussion.'"  Commonwealth v. Brown, 479 Mass. 163, 168 n.3 (2018), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[8] The panelists are listed in order of seniority.